UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUCIA A VALLADARES, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF PUBLIC WORKS, et al., <br><br> Defendants. | CASE NO. 3:22-CV-1038-DRL-SJF |

### REPORT and RECOMMENDATION

The Honorable Damon R. Leichty has assigned this matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and N.D. Ind. L.R. 72-1(c), for a report and recommendation on Defendants' Motion to Dismiss [DE 49]. Defendants' motion seeks dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b). [DE 49 at 1, ¶ 1]. More recently, on November 10, 2025, Defendants filed a renewed motion requesting dismissal under the same rules. [DE 56]. Plaintiff did not respond to Defendants' motions to dismiss, and the time for her to do so has long since passed. *See* N.D. Ind. L.R. 7-1(d). Accordingly, Defendants' motions are ripe for ruling.

Some activity has occurred in this case, which is briefly summarized *infra*. After the referral [DE 50], the undersigned issued an Order to Show Cause based on *pro se* Plaintiff's delay in prosecuting her case. Rather than complying with the show cause order, Plaintiff appealed it. [DE 52]. On November 6, 2025, the Seventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. [DEs 57, 57-1]; *Valladares v. Bd. of Pub. Works et al.*, Case: 25-2378, at *1 (7th Cir. Nov. 6, 2025). The Seventh Circuit's

dismissal prompted Defendants to renew their motion to dismiss. [DE 56 at 2, ¶¶ 4-6]. In their renewed motion, Defendants note that "Plaintiff has never responded to Defendant's [sic] discovery requests." [DE 56 at 2, ¶ 6].

"A court may dismiss an action with prejudice 'if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or any court order.'" *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting Fed. R. Civ. P. 41(b)). It is well-settled that a plaintiff's self-represented status does not excuse her failure to comply with the Federal Rules of Civil Procedure. *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). The discovery-related sanctions available to the Court include options up to and including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Other than appealing the show cause order, Plaintiff has taken no action in this case. In addition to not responding to Defendants' dismissal motions, she has not complied with the Court's mandate to provide written answers and responses to Defendants' written discovery. Plaintiff has not filed anything of that nature with the Court, despite being ordered to do so in accordance with N.D. Ind. L.R. 26-2(a)(2)(A). Further, Defendants' renewed motion confirms that Plaintiff has not responded to written discovery. [DE 56 at 2, ¶ 6]. Plaintiff has also not provided the Court with an argument why her case should not be dismissed on account of her failure to provide written answers and responses to Defendants' written discovery. She further has not argued that her failure was substantially justified or that other circumstances would make an award of expenses related to Defendants' motion to compel unjust under Fed.

2

R. Civ. P. 37(a)(5)(A) despite being twice directed to do so. By failing to communicate with defense counsel or the Court about her procedural shortcomings, the Court is left to sanction Plaintiff for her failure to obey the Court's discovery order pursuant to Fed. R. Civ. P. 37(b)(2) and/or involuntarily dismiss Plaintiff's claims against Defendant pursuant to Fed. R. Civ. P. 41(b).

Without any activity or input from Plaintiff, the Court has no reason to believe she will return to complete prosecution of this case. Therefore, dismissal under both Fed. R. Civ. P. 37(b) and 41(b) is the only reasonable choice.

Finally, Defendants have not renewed their request for pecuniary sanctions under Rule 37 and given that *pro se* Plaintiff's case is pending dismissal, an additional award of attorney fees and costs against her would be unjust.

To summarize, as of this date, Plaintiff has not complied with the Court's orders. Given Plaintiff's failure to comply with the Court's orders, the undersigned can only assume that Plaintiff has abandoned her case. Therefore, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' Motion to Dismiss. [DE 49]. Based on that grant, the undersigned further recommends that the Court **DENY** Defendants' renewed motion requesting dismissal **as MOOT**. [DE 56]. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(a)(5)(A)(v).

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE**

**OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 5th day of January 2026.

                                        s/ Scott J. Frankel
                                        Scott J. Frankel
                                        United States Magistrate Judge